IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRAD E. WILLIAMS, CAROL
KINDERKNECHT and MELINDA
DOUGHERTY,

               Plaintiffs,

       v.                      CASE NO. 15-4888-SAC-KGS

NEX-TECH WIRELESS, LLC,

               Defendant.

<u>MEMORANDUM AND ORDER</u>

The three plaintiffs in this civil action allege violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. This case is now before the court upon defendant's motion to dismiss for failure to state a claim pursuant FED.R.CIV.P. 12(b)(6).

I. RULE 12(b)6 STANDARDS

The standards governing a Rule 12(b)(6) motion are as follows. The court accepts as true the factual allegations in the complaint and draws reasonable inferences in favor of plaintiff. <u>Gann v. Cline</u>, 519 F.3d 1090, 1092 (10th Cir. 2008). The court is not obliged to accept as true a legal conclusion couched as a factual allegation. <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S. 544, 555 (2007) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). The complaint must contain enough

1

allegations of fact "to state a claim to relief that is plausible on its face." Twombley, 550 U.S. at 570. "Plausibility" refers to whether the facts alleged in the complaint are so general or so innocent that the plaintiffs "'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir.2008) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).   If, after drawing upon the court's "judicial experience and common sense," the court decides that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, [then] the complaint has alleged — but it has not 'show [n]' — 'that the pleader is entitled to relief.'"  Id. at 679 (quoting FED.R.CIV.P. 8(a)(2)).

II. ALLEGATIONS IN THE COMPLAINT

    Plaintiff Brad Williams alleges in the complaint that he is 44 years old and worked for defendant from 2003 until August 21, 2014 when he was terminated without reason.  He asserts that he

expressed a desire to apply for a position as Director of Network Operations & Engineering. Williams had reported to the holder of that position for some time. He was told by the recently hired CEO of defendant that the company was looking outside of the company for a new Director. That position was filled by a male in his thirties in the Spring of 2014. When Williams attended a luncheon with the new Director, the Director expressed a desire for a younger management team.

Plaintiff Carol Kinderknecht alleges that she is 65 years old with 45 years of accounting experience, including experience performing a variety of accounting tasks for defendant since December 2007. She contends that in February or March 2013, a male in his mid-thirties was appointed supervisor over accounting even though she had been performing those duties following the departure of the prior supervisor in 2012. She further asserts that she had to teach the new supervisor his job responsibilities, although he was Kinderknecht's supervisor. In October 2014, she expressed interest in two positions for which she was well qualified and had experience, but was not considered for either position. One of the positions was as a senior accountant. She was told she was not qualified because she was not a CPA, but that was not a job requirement and she had been doing senior level accounting during her employment. In October 2014, the man appointed as supervisor over accounting

was promoted to Finance Director, despite having fewer qualifications that Kinderknecht. Thereafter, Kinderknecht received a negative evaluation. She interpreted this as a maneuver to terminate her employment. She decided to resign on or about January 9, 2015 to avoid being fired.

Plaintiff Melinda Dougherty is a 52-year-old woman who began her employment with defendant in October 2009 and started an administrative position with defendant in February 2010. Dougherty alleges that she received a pay cut in December 2013, in spite of good work evaluations, and that the CEO made comments disparaging of her age. In response, Dougherty filed a human resources complaint which upset the CEO. Plaintiff was terminated without reason by defendant on March 24, 2014 and replaced with someone significantly younger.

Each plaintiff alleges that he or she was a good worker and received good evaluations.

III. ALTHOUGH THE COMPLAINT DOES NOT DELINEATE THE CLAIMED STATUTORY VIOLATIONS, THE COURT SHALL NOT ORDER THAT THE MOTION TO DISMISS BE CONVERTED TO A MOTION FOR A MORE DEFINITE STATEMENT.

As mentioned, the complaint alleges violations of the ADEA and of Title VII. Each plaintiff alleges age discrimination in violation of the ADEA. In addition, plaintiff Kinderknecht asserts a Title VII sex discrimination claim and plaintiff Dougherty alleges illegal retaliation in violation of the ADEA.

The complaint does not specify the violations that each plaintiff is claiming.  It does not state expressly that plaintiff Williams is bringing a claim for loss of promotion and illegal termination.  It does not state that plaintiff Kinderknecht is bringing a claim for loss of promotion and, if so, which job or jobs are involved.  It does not explicitly claim that plaintiff Kinderknecht is bringing a claim for constructive discharge.  Nor does it delineate plaintiff Dougherty's claims other than to say age discrimination and retaliation in violation of the ADEA.

Part of defendant's argument to dismiss appears to be that the complaint fails to identify exactly what type of violation each plaintiff is alleging.  Defendant, however, does not argue that this affects defendant's ability to answer the complaint; it only seems to make the 12(b)(6) argumentation more cumbersome and perhaps plotting discovery more difficult.  The court could sua sponte direct that plaintiff file a "more definite" complaint pursuant to FED.R.CIV.P. 12(e).  But, the court fears that would merely postpone having to decide the same issues raised in the instant motion.  So, the court will address the questions raised in defendant's motion to dismiss now and hope that it expedites the progress of the litigation.

IV.  PRIMA FACIE STANDARDS AND RULE 12(b)6.

Defendant advances several arguments in its motion to dismiss.  Many of these arguments rely upon the elements of a prima facie claim for discrimination.  The court is mindful that the elements of a prima facie case are not a 12(b)(6) pleading standard, but that they may be referred to in determining whether plaintiffs' complaint fails to state a claim.  Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).  The court is also mindful that the burden placed upon a plaintiff to make a prima facie showing is "not onerous."  Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).  It has also been described as "slight."  Tabor v. Hilti, Inc., 703 F.3d 1206, 1216 n.4 (10th Cir. 2013).  The key is whether the circumstances give rise to an inference of unlawful discrimination.  Burdine, supra.  The court also understands that flexibility is a trademark of prima facie case analysis.  Plotke v. White, 405 F.3d 1092, 1100 (10th Cir. 2005).  In other words, the elements listed in case law are not always binding.  This informs the court's understanding of what constitutes a "plausible" claim.

V.  PLAINTIFFS WILLIAMS AND KINDERKNECHT STATE AN ADEA CLAIM FOR LOST PROMOTION.

The elements of a prima facie case for failure to promote have been described as:  1) membership in a protected class; 2)

an application for an available position for which one is
qualified; and 3) rejection under circumstances giving rise to
an inference of unlawful discrimination. <u>Tabor</u>, 703 F.3d at
1216.

Defendant contends that plaintiffs Williams and
Kinderknecht have not stated a claim for a discriminatory loss
of promotion because they do not allege that they applied for
the promotions which they allege were discriminatorily denied.
Defendant, however, acknowledges that the law does not require a
formal application for a job in order to allege a loss of
promotion if, for instance, informal hiring procedures are used.
See <u>Bennett v. Quark, Inc.</u>, 258 F.3d 1220, 1228 (10th Cir. 2001);
see also <u>Branson v. Valu Merchandisers Co.</u>, 2015 WL 437754 *7
(D.Kan. 2/3/2015); <u>Klindt v. Honeywell Intern. Inc.</u>, 303
F.Supp.2d 1206, 1216 (D.Kan. 2004); <u>Daneshvar v. Graphic
Technology, Inc.</u>, 18 F.Supp.2d 1277, 1289 (D.Kan. 1998). It is
required "that the employer be on specific notice that plaintiff
seeks [the job] or, where informal hiring procedures are used,
that the plaintiff be in the group of people who might
reasonably be interested in the particular job." <u>Bennett</u>, <u>supra</u>
(quoting <u>Whalen v. Unit Rig, Inc.</u>, 974 F.2d 1248, 1251-52 (10th
Cir. 1992)). In <u>Carmichael v. Birmingham Saw Works</u>, 738 F.3d
1126, 1133 (11th Cir. 1984), the court described such a situation
where a company relied upon word of mouth or informal review

procedures to fill job openings. See also, <u>Johnson v.</u> <u>Beneficial Kansas, Inc.</u>, 28 F.Supp.2d 1288, 1295-96 (D.Kan. 1998)(applying same analysis to an alleged discriminatory denial of transfer).

The court finds that it is not necessary for plaintiffs to allege the details of defendant's hiring procedures in the complaint. The court notes that the complaint alleges plaintiffs Williams and Kinderknecht expressed a desire for or interest in some positions, and the complaint alleges as to other positions that plaintiff Kinderknecht may have been a person logically considered to be interested in the job. Upon review, the court concludes that it is plausible that plaintiffs Williams and Kinderknecht will be able to prove he or she fell within a recognized exception to the requirement that there be a formal application for a job in order to claim discrimination in not being hired for the job.

VI. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED FACTS SHOWING AGE BIAS AS A MOTIVATING FACTOR.

Defendant contends that plaintiffs allege no grounds for finding that age was a motivating factor in the alleged discriminatory acts. The court rejects this argument for two reasons. First, there are allegations in the complaint which suggest that plaintiffs may be able to prove a pattern and practice of age discrimination. Such evidence would be relevant

to proving a discriminatory motive.  See Gossett v. Oklahoma ex rel. Bd. of Regents for Langston Univ., 245 F.3d 1172, 1178-79 (10th Cir. 2001); Greene v. Safeway Stores, Inc., 98 F.3d 554, 561 (10th Cir. 1996).  Second, plaintiffs Williams and Dougherty allege that they were terminated without reason even though they had performed their jobs well.  The termination of a qualified employee in a protected class raises an inference of discrimination because it is illogical to fire otherwise qualified employees.  Perry v. Woodward, 199 F.3d 1126, 1140 (10th Cir. 1999) cert. denied, 529 U.S. 1110 (2000).  These allegations in the complaint distinguish this case from Markham v. Salina Concrete Product, Inc., 2010 WL 5093769 *4 (D.Kan. 12/8/2010) and Sprague v. Kasa Indus. Controls, Inc., 250 F.R.D. 630, 633-34 (D.Kan. 2008), which are two cases cited by defendant.  Doc. No. 11, p. 4.  Finally, defendant argues in the motion to dismiss that any claim that plaintiff Dougherty was discharged because of her age should be dismissed because Dougherty has not alleged that she was replaced by a person outside of the protected class.  This, however, is not considered an element of a prima facie case of age discrimination.  See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312 (1996)(replacement of an ADEA plaintiff by someone outside the protected class is not a proper element of a prima facie case); see also Tabor, 703 F.3d at 1216 (not

requiring that promotion be given to a person outside of the protected class); Jaramillo v. Colorado Judicial Dept., 427 F.3d 1303, 1306-07 (10th Cir. 2005)(same); Jones v. Barnhart, 349 F.3d 1260, 1266 (10th Cir. 2003)(same). Here, the allegations that Dougherty was replaced by someone "significantly younger" and the other allegations already mentioned are sufficient to raise a plausible inference of discrimination. These allegations are also sufficient to support a claim that Dougherty's pay cut was motivated by age bias.[1]

VII. THE COMPLAINT FAILS TO STATE A CONSTRUCTIVE DISCHARGE CLAIM.

The court concurs with defendant with plaintiff Kinderknecht has not alleged a plausible claim of constructive discharge. Plaintiff has not alleged facts which would demonstrate more than a sheer possibility of proving that her working conditions were so intolerable that she was forced to resign. See Tran v. Trustees of State Colleges, 355 F.3d 1263, 1270 (10th Cir. 2004)(defining a constructive discharge as occurring when intolerable working conditions leave no other choice but to quit). The court does not believe that Kinderknecht's negative evaluation along with the other

---

[1] Defendant alleges that isolated or stray remarks allegedly suggesting an age bias should not be considered in deciding whether plaintiffs have stated a claim, particularly when the remarks were not made by a decision-maker. The court shall not address this issue because the other allegations in the complaint are sufficient to plausibly assert a discriminatory motivation.

circumstances alleged in the complaint describe a plausible constructive discharge claim.

VIII. PLAINTIFF KINDERKNECHT HAS NOT STATED A SEX DISCRIMINATION CLAIM FOR LOST PROMOTION AS TO A HUMAN RESOURCES JOB AND A SENIOR ACCOUNTANT POSITION.

Plaintiff Kinderknecht makes allegations indicating that promotions for the positions of supervisor over accounting and Finance Director were given to males who were not as qualified as Kinderknecht. The court believes this is sufficient to plausibly allege a violation of Title VII's provisions prohibiting sex discrimination because it gives rise to an inference of discrimination. Kinderknecht does not allege who won the promotions for the human resources job or the senior accountant's job or whether that person was male. And, she does not state whether she is alleging sex discrimination as to these positions. She only alleges that she was well-qualified and had experience for these positions, not that she was more qualified than the person who got the job. The court does not view Kinderknecht's allegations as to those positions as presenting a plausible claim of sex discrimination.

IX. THE COMPLAINT STATES A RETALIATION CLAIM AS TO PLAINTIFF DOUGHERTY'S TERMINATION BUT NOT AS TO HER PAY CUT.

The elements of a prima facie case of retaliation are: 1) that the plaintiff engaged in protected opposition to discrimination; 2) the plaintiff suffered an adverse employment

action; and 3) there is a causal connection between the protected activity and the adverse employment action. <u>Davis v. Unified School Dist. 500</u>, 750 F.3d 1168, 1170 (10th Cir. 2014). The court finds that Dougherty has alleged a plausible claim that her discharge constituted retaliation in violation of the ADEA. The court bases this finding upon the alleged temporal proximity between Dougherty's human resources complaint and her termination, Dougherty's alleged good job performance, and defendant's failure to give a reason for her termination. The court finds that plaintiff has not plausibly alleged that the pay cut was retaliatory because it occurred prior to Dougherty's protected opposition to discrimination.

X. CONCLUSION

While the court agrees with some of defendant's criticisms of the complaint, the court concludes that it should not be dismissed for failure to state a claim. In making this finding, the court has considered requiring plaintiff to file a more definite statement or an amended complaint which better delineates plaintiff's claims, but the court is not convinced that it would expedite this litigation. For the reasons explained above, the court shall grant defendant's motion to dismiss in part and deny the motion in part. The motion is denied except as to any constructive discharge claim by plaintiff Kinderknecht, any sex discrimination claim by

plaintiff Kinderknecht regarding the human resources and senior accountant positions, and any retaliation claim by plaintiff Dougherty regarding her pay cut.   These claims are dismissed without prejudice.   Plaintiffs are granted leave until October 20, 2015 to file an amended complaint.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2015, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge