IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRAD E. WILLIAMS, CAROL
KINDERKNECHT, and
MELINDA DOUGHERTY,

Plaintiffs,

vs.                                                  Case No. 15-4888-SAC

NEX-TECH WIRELESS, L.L.C.,

Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiffs' motion to strike (Dk. 50) the defendant's motions to dismiss (Dks. 44 and 46). The plaintiffs argue several grounds. The defendant has stipulated in a scheduling order to filing no additional motions. (Dk. 21). The defendant filed an earlier motion to dismiss (Dk. 10) which this court granted and denied in part (Dk. 14). The defendant has waived its right to file these motions by waiting so long to file them. Despite their characterization of them, the defendant's motions actually do not challenge the court's subject matter jurisdiction. The defendant's motions are an effort to litigate this case in a piecemeal fashion rather than wait for the orderly presentation of them in a summary judgment motion filed after the completion of discovery.

The defendant's motions to dismiss (Dks. 44 and 46) contend the plaintiffs failed to file their administrative charges of discrimination

within 300 days of some adverse employment actions alleged in those charges, and, therefore, have failed to exhaust administrative remedies. The defendant assumes the blanket position that any challenge to exhaustion of administrative remedies is a subject matter jurisdiction challenge under Title VII and the ADEA. Thus, the defendant replies that it has not and cannot waive any subject matter jurisdiction challenge and their Rule 12(b)(1) motions are timely and proper. Fed. R. Civ. P. 12(h)(1).

The court grants the plaintiffs' motion to strike. The Tenth Circuit recently reviewed Supreme Court precedent on this issue and called into question prior circuit opinions that had lumped together as subject matter challenges all disputes regarding exhaustion of administrative remedies. *Gad v. Kansas State University*, 787 F.3d 1032, 1035-38 (10th Cir. 2015). The panel noted the question turns on whether the particular statutory requirement is classified as jurisdictional in nature. *Id.* The panel noted that the Tenth Circuit precedent had already recognized the timeliness of an administrative claim as being an exhaustion issue that was not jurisdictional in character:

> Is this verification requirement a jurisdictional prerequisite to a Title VII suit? The law is not clear. In several cases analyzing other aspects of Title VII, we have concluded that some Title VII requirements are not jurisdictional prerequisites to suit. For example, in *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007), we held that § 2000e–5's "mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite" and is "thus subject to waiver, estoppel, and tolling when equity requires." *See also EEOC v. JBS USA, LLC*, 794 F.Supp.2d 1188, 1201 (D. Colo. 2011) (noting that "not every defect in the administrative process defeats jurisdiction").

2

But we said in *Shikles* that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit." *Shikles* [*v. Sprint/United Management Co.*], 426 F.3d [1035] at 1317 [(10th Cir. 2005)]. Exhaustion requires "the filing of a charge of discrimination with the EEOC," *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007), and charges must be verified. Thus, one might conclude a plaintiff has not complied with Title VII's required prerequisites to suit—i.e., he has not fully exhausted—until he verifies. That might appear to require the conclusion that verification is necessarily jurisdictional. *But see Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014) (noting that "the untimeliness of an administrative claim, although an exhaustion issue … is not jurisdictional"), *cert. granted*, – ––U.S. ––––, 135 S.Ct. 1892, 191 L.Ed.2d 762 (2015). Thus, our cases provide no dispositive answer.

*Gad*, 787 F.3d at 1036. In *Green*, the court held:

In this circuit the failure to comply with the first component of exhaustion [a discrete incident of an unlawful employment practice is not included in an exhausted administrative charge] deprives the court of jurisdiction. See *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII claim by Postal Service employee). But the untimeliness of an administrative claim, although an exhaustion issue, *see Sizova* [*v. Nat'l Inst. of Standards & Tech.*], 282 F.3d [1320] at 1327 [(10th Cir. 2002)], is not jurisdictional, *see id.* at 1325.

760 F.3d at 1140. While *Green* is now before the Supreme Court, it still remains the law of this circuit.

Both of the defendant's motions to dismiss rely exclusively on the plaintiffs' failure to file the administrative charges within the statutory time limit. While the defendant's motions do raise an exhaustion issue, the Tenth Circuit does not recognize those challenges as going to this court's subject matter jurisdiction. The defendant's motions, therefore, are not properly considered as Rule 12(b)(1) motions which makes them subject to

striking on the procedural grounds rightly raised in the plaintiff's motion to strike.

IT IS THEREFORE ORDERED that the plaintiffs' motion to strike (Dk. 50) the defendant's motions to dismiss (Dks. 44 and 46) is granted.

Dated this 27th day of April, 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge